### IVES et al. v. SMITH et al.[1]

*(Supreme Court, General Term, First Department. December 2, 1889.)*

1. FOREIGN CORPORATIONS—ACTIONS AGAINST—INJUNCTION.
    Under Code Civil Proc. N. Y. § 1780, providing that a resident of the state or a domestic corporation may sue a foreign corporation for any cause of action, resident stockholders of a foreign corporation may sue to enjoin it and its directors from constructing branch lines of railroad, and from expending funds therefor, which are within the state, to the irreparable injury of the stockholders.

2. CORPORATIONS—JOINT LEASE—SUITS BY STOCKHOLDERS.
    Where a proposed "joint lease" between four railroad companies is executed by three, and the fourth company refuses to execute it, whereupon two of the others retract, equity will not compel the fourth company, at the suit of its stockholders, to execute the lease.

3. SAME—MORTGAGE BONDS—USE OF PROCEEDS.
    Knowledge on the part of an executive committee of the directors of a corporation that a purchaser of its mortgage bonds made the purchase under a belief that the proceeds were to be used for particular purposes is not sufficient to bind the corporation to a trust limiting the use of such proceeds.

4. SAME—RAILROAD COMPANIES—COMPETING LINES—CONTRACTS—PUBLIC POLICY.
    A contract between two railroad companies, whose lines of road are parallel, by which certain naturally tributary territory is preserved to each, within which it shall prosecute the work of extending its branch lines, etc., without interference with or from the other, designed to prevent an unprofitable war of construction, is not contrary to public policy.

5. SAME—INTERSTATE COMMERCE ACT—POOLING.
    Section 5 of the interstate commerce act, (Act. Cong. Feb. 4, 1887,) prohibiting railroad companies from entering into agreements for pooling freights or dividing their earnings, does not invalidate such contract, though it may prevent certain pooling provisions therein from being operative.

6. SAME—RATIFICATION BY STOCKHOLDERS—ESTOPPEL.
    After the directors of one of the contracting companies had passed resolutions to construct branch lines in violation of the contract, a meeting of the stockholders passed a resolution, ratifying all the acts of the directors during a period covering the dates of the resolutions referred to, but it did not appear that those resolutions were read at the meeting, or the attention of the stockholders called to them, and there was evidence that some of the assenting stockholders were misled. *Held,* that there was no such ratification of the directors' resolutions as would preclude the stockholders from insisting that the contract be performed.

7. SAME—GROUNDS.
    Where it appears that the cost of building branch lines and bridges, as proposed by defendants, in violation of the contract, would amount to millions of dollars, and no immediate or prospective advantage is shown, but it appears that serious injury would result to the company, a case is made out justifying injunction.

Appeal from special term, New York county.

Application to continue a temporary injunction, granted in an action brought by Brayton Ives and others against Elijah Smith and others. The application was granted, and defendants appeal. For report of the opinion of the special term, see 3 N. Y. Supp. 645.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Edgar M. Johnson,* for appellants. *Chas. W. Wetmore,* for respondents.

---

[1]Affirming 3 N. Y. Supp. 645.

PER CURIAM. As the parties have had ample opportunity to try the questions involved upon the motion for an injunction before the special term, where the issues might have been disposed of upon testimony given in open court, and not upon affidavits, it does not seem to be necessary that the court should enter upon an extended discussion of the questions presented upon this appeal, and the order appealed from should be affirmed, with $10 costs, and the disbursements, upon the opinion of the court below.